```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**GEOFFREY L. RASHAW-BEY,**

                    **Plaintiff,**

        v.                             CASE NO. 08-3287-SAC

**UNITED STATES OF AMERICA,**

                    **Defendant.**

### MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's motion captioned as "Return Service" (Doc. 49).

**Background**

This civil action was filed pursuant to the Federal Tort Claims Act. By an order entered on December 17, 2008 (Doc. 5), the court assessed an initial partial filing fee of $20.50 pursuant to 28 U.S.C. § 1915(b)(1), and advised the plaintiff that payments calculated pursuant to §1915(b)(2) would continue until he satisfied the $350.00 filing fee. The order granted plaintiff thirty days to file an objection or submit the initial partial filing fee.

Plaintiff filed a timely objection to the filing fee (Doc. 7), and the court overruled both that objection and plaintiff's subsequent motion to waive the filing fee (Doc. 9). On February 23, 2009, the clerk of the court entered a docket entry showing receipt of a partial filing fee installment of $21.00.

By an order entered on June 25, 2009, the court granted defendant's motion to dismiss (Doc. 36). On July 8, 2009, plaintiff

filed a notice of appeal (Doc. 38), and on July 10, 2009, he filed a motion to set aside the remainder of the filing fee (Doc. 40). The court denied the motion to set aside the balance of the fee obligation and granted plaintiff leave to proceed on appeal in forma pauperis (Doc. 43). That order directed that plaintiff's payments would continue until he satisfied the balance of the original filing fee and the appellate filing fee of $455.00.

The appeal mandate affirming the decision of the court was entered on October 6, 2009 (Doc. 48).

## Discussion

In the present motion, plaintiff seeks (1) reimbursement for a $40.00 payment taken from his institutional account on February 1, 2011, and account records; (2) court records proving that he agreed to pay filing fees; and (3) a copy of all payments showing transaction numbers.

The court will address these points in sequence. First, it appears the $40.00 payment from plaintiff's institutional account in February 2011 was credited toward the filing fee in Case No. 09-3075-JAR, *Rashaw-Bey v. Carrizalles, et al.*[1] A review of the docket sheet in that matter shows plaintiff was granted leave to proceed in forma pauperis. There is no apparent basis for the reimbursement sought by plaintiff; rather, it appears the payment was applied toward a fee obligation in a civil action initiated by the plaintiff.

---

[1] A copy of the docket sheet in that action is attached.

2

Next, plaintiff appears to assert that he never agreed to pay filing fees in the cases he has filed. The filing fee, however, is statutory, *see* 28 U.S.C. § 1914, and plaintiff is obligated to pay the fee in an action he files even though he has been allowed to proceed in forma pauperis under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act of 1995 (PLRA), a prisoner proceeding in forma pauperis is required to submit an initial partial filing fee calculated upon the prisoner's financial records for the six-month period preceding the filing. 28 U.S.C. § 1915(b)(1). Thereafter, the agency having custody of the prisoner must submit installment payments calculated upon the inmate's monthly income. § 1915(b)(2). *See also Purkey v. Green*, 28 Fed. Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing fee, ... nor does it condition payment of the filing fee on success on the merits... Notwithstanding the district court's dismissal of plaintiff's action, [a prisoner] is still required to pay the full filing fee to the district court.")

Plaintiff was advised of his obligation to pay the full filing fee. The court's order granting leave to proceed in forma pauperis explained the manner of calculating installment fee payments and stated: "Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account." (Doc. 10, n.1.) Thus, plaintiff's complaint and motion to proceed in forma pauperis create an obligation to pay the filing

3

fee, and he is not entitled to relief from that obligation.

Finally, plaintiff requests copies of the financial transactions and records that reflect his payments to the court.

The court's records reflect that plaintiff has filed seven actions during his incarceration in this district. Two of those actions, namely, Case No. 09-3001-RDR, *Rashaw-Bey v. Federal Bureau of Prisons, et al.*, and Case No. 09-3043, *Rashaw-Bey v. Nalley, et al.*, are habeas corpus actions not subject to the PLRA. *See United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997)(PLRA does not encompass habeas corpus actions or related appeals).

The remaining five cases are civil actions covered by the PLRA, and the court will direct the clerk of the court to transmit to the plaintiff copies of financial payment records maintained by the clerk concerning these actions.[2]

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion (Doc. 49) is denied in part and granted in part. Plaintiff's requests for reimbursement and relief from the fee obligations in this matter are denied. Plaintiff's request for copies of relevant payment records is granted, and the clerk of the court is directed to transmit to him a copy of any payment records maintained in Case Nos. 08-3287, 09-3075, 09-3081, 09-3083, and 09-3235.

Copies of this order shall be transmitted to the parties.

---

[2] The court notes that it enters similar orders on this date in Case Nos. 09-3081 and 09-3235. While electronic copies of the financial records will be entered in each case, only one set of paper copies need be transmitted to the plaintiff in satisfaction of these orders.

4

**IT IS SO ORDERED.**

DATED:  This 24th day of February, 2012, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge

5